Order of disposition, Family Court, Bronx County (Karen I. Lupuloff, J.), entered on or about April 15, 2013, which, upon a fact-finding determination that respondent sexually abused the subject child Tatianna S., inter alia, released the child to her mother under ACS supervision for a period of one year, unanimously affirmed, without costs, insofar as it brings up for review the fact-finding determination, and the appeal therefrom otherwise dismissed as moot, as its terms expired. Appeal from order of fact-finding, same court and Judge, entered on or about April 15, 2013, unanimously dismissed, without costs, as superseded by the appeal taken from the order of disposition. Order (same court and Judge), entered on or about April 15, 2013, which, upon a finding that respondent derivatively neglected the subject child Tiffany H., dismissed the petition pursuant to Family Court Act § 1051 (c) on the ground that the aid of the court was no longer required, unanimously reversed, on the law and the facts, without costs, the derivative neglect finding reinstated and the matter remanded for a dispositional hearing.
The testimony of Tatianna S. at the fact-finding hearing provided competent evidence that respondent sexually abused her and the absence of physical injury or other medical corroboration does not require a different result (see Matter of Ashley M.V. [Victor V.], 106 AD3d 659, 660 [1st Dept 2013]). The court properly credited Tatianna’s testimony and any inconsistencies *420 in the testimony were peripheral (see id.; Matter of Kylani R. [Kyreem B.], 93 AD3d 556 [1st Dept 2012]).
The determination that respondent, by sexually abusing Tatianna, a person for whom he was legally responsible, derivatively neglected Tiffany H., his biological daughter, is supported by a preponderance of the evidence (Matter of Ashley M.V. [Victor V.], 106 AD3d at 660). The court improperly dismissed the petition on the ground that the aid of the court is no longer necessary to protect Tiffany from harm. Given the serious nature of respondent’s actions, as well as his continued contact with and close proximity to Tiffany, the court’s aid is necessary (compare Matter of Eustace B. [Shondella M.], 76 AD3d 428 [1st Dept 2010]).
Concur — Tom, J.P., Friedman, Andrias, Saxe and DeGrasse, JJ.